## UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION

---

CLAUDIA REESE CHANDLER,
             Plaintiff

        vs                                      Case No. C-1-04-486
                                                (Hogan, M.J)

JOHN E. POTTER, POSTMASTER
GENERAL,
             Defendant

---

## ORDER

---

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. 12), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 13), and Defendant's Reply thereto (Doc. 14). On December 9, 2004, the parties consented, pursuant to 28 U.S.C. § 636(c), to final disposition of this case by the undersigned United States Magistrate Judge. (Doc. 7).

## UNDISPUTED FACTS[1]

Plaintiff was employed as a full-time Mail Handler at the Cincinnati Bulk Mail Center (CBMC). (Deposition of Plaintiff, at 9-10). Plaintiff has been employed with the United States Postal Service as a Mail Handler since July 19, 1989. (Id. at 7). Plaintiff worked in close proximity to Mark Brunswick and Tyrone Crutcher. Plaintiff describes Mr. Brunswick as "mentally challenged." (Id.

---

[1] Plaintiff did not set forth a differing version of the factual background thus, it is inferred that the facts as set forth by Defendant in his motion are undisputed.

at 11). Plaintiff's working relationship with these workers can best be described as strained.

Plaintiff claims that Mr. Crutcher would engage in pranks which annoyed her, for which Mr. Crutcher was disciplined on one occasion. (Plaintiff Dep. at 12, 25-28). Following the prank for which Mr. Crutcher was disciplined, Plaintiff left work claiming that she was suffering from stress due to a hostile work environment created by Mr. Crutcher. (Id. at 28, 30). Plaintiff remained on leave for approximately six months until such time as she produced a medical statement indicating her fitness to return to work.

Plaintiff returned to work in August of 2002, at which time her conflict with Mr. Crutcher and Mr. Brunswick continued. Mr. Brunswick reported to Supervisor Rhonda Burton that Plaintiff had accused himself and Mr. Crutcher of being homosexual and threatened to have her husband, another postal employee, "beat him up." (Id. at 20-21, 55). Mr. Brunswick also claimed that Plaintiff would stare at him while he was doing his job. (Id. at 22).

Supervisor Burton investigated the claims of Mr. Brunswick. Both Mr. Brunswick and Mr. Crutcher related their allegations regarding Plaintiff's comments and threats. (Plaintiff Dep. at 20-22, 55). On two occasions, Plaintiff was interviewed by Ms. Burton concerning Mr. Brunswick's complaints. (Id. at 38). In the first interview, Plaintiff denied asking Mr. Brunswick if he was homosexual and whether he and Mr. Crutcher were involved in a homosexual relationship. (Id. at 37). However, at the second interview, when asked whether she told Mr. Brunswick that her husband was going to "beat him up," she did not answer the question. Instead, Plaintiff stated that, if Ms. Burton put the questions in writing, she would answer them and forward the answers to Ms. Burton through her attorney. (Id. at 40-41).

After this second interview, Plaintiff was placed on "Emergency Placement in Off-Duty Status" for her actions . (Id. at 43). Later, Plaintiff was informed that she was placed on emergency off-duty status under Defendant's "zero tolerance policy" due to her threatening behavior. (Id. at 44-45). Thereafter, Plaintiff was notified that her employment was being terminated due to improper conduct. (Id. at 46). Plaintiff grieved both the emergency placement and the removal. Plaintiff's grievances were unsuccessful at the lower steps and at arbitration. (Id. at 52, 59). At arbitration, both Brunswick and Crutcher testified consistently with

their previous complaints. Moreover, Union representative, Mike Ruark testified at arbitration that Brunswick appeared fearful and upset after his confrontations with Plaintiff and Brunswick's father also testified that his son was upset by Plaintiff's comments and threats. (Id. at 55-56). Plaintiff filed a complaint with the EEOC regarding her termination, which she claimed was retaliatory. (Id. at 59-60). Plaintiff's EEO complaint was subsequently denied. (Id. at 61). Plaintiff filed her Complaint in this matter on July 28, 2004, alleging retaliatory discrimination. (Doc. 1). The retaliation claim was based on an EEO complaint which Plaintiff filed in 2001 alleging gender discrimination on the part of a temporary supervisor. (Plaintiff Dep. at 16-17).

## OPINION

The federal Defendant, John E. Potter, U.S. Postmaster General, the United States Postal Service, moves the Court for summary judgment against Plaintiff based upon Plaintiff's failure to rebut Defendant's legitimate non-retaliatory basis for Plaintiff's termination.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for

3

trial.  *Anderson*, 477 U.S. at 249-50.  In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283.  *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988).  The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted.  *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## RETALIATION

Plaintiff claims retaliation.  In such a case, Plaintiff has the burden of proving retaliation by a preponderance of the evidence.  Proof of retaliatory motive is crucial.  *See Rowe  v. Cleveland Pneumatic Co.,* 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.,*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as Plaintiff's prima facie case.  *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

In order to establish a prima facie case of retaliation under Title VII, Plaintiff must produce evidence that: 1) she engaged in activity protected by Title VII; 2) Defendant knew that Plaintiff had engaged in such activity; 3) Defendant made an employment decision adversely affecting Plaintiff; and 4) there is a causal link between Plaintiff's protected activity and Defendant's adverse employment action. *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987); *Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.*, 783 F.2d 50, 54 (6th Cir. 1986), *cert. denied*, 478 U.S. 1006 (1986).  Protected activity consists of opposing any practice made unlawful by Title VII, making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding or hearing.  42 U.S.C. § 2000e-3 (a).

4

Plaintiff may demonstrate the requisite causal connection by demonstrating disparate treatment or disparate punishment; i.e., that similarly situated employees were not punished for rule violations similar to those committed by Plaintiff. *See Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 377 (6th Cir. 1984), *appeal after remand*, *Jackson v. Pepsi-Cola*, 783 F.2d 50 (6th Cir. 1986), *cert. denied*, 478 U.S. 1006 (1986). An inference of causal connection may also be drawn where a defendant's adverse employment action closely followed plaintiff's protected activity. *Wrenn*, 808 F.2d at 501; *Womack v. Munson*, 619 F.2d 1292, 1296 & n.6 (8th Cir. 1980), *cert. denied*, 450 U.S. 979 (1981).

The establishment of a prima facie case permits the "inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once plaintiff establishes a prima facie case, the burden of going forward shifts to defendant to articulate a legitimate, nonretaliatory reason for its action. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 1032 (1988). The ultimate burden of persuasion never shifts from plaintiff. *Wrenn*, 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nonretaliatory reasons. If Defendant's evidence raises a genuine issue of fact as to whether it intentionally retaliated against Plaintiff, Defendant has satisfied its burden of going forward. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); *Wrenn*, 808 F.2d at 501.

Where a defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine*, 450 U.S. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. *See also Aikens,* 460 U.S. at 714-15. Although the presumption of retaliation, as a procedural device, drops from the case at this point, a permissible inference of retaliation may still be drawn by the trier of fact from the evidence introduced in plaintiff's case-in-chief. *Askin*, 600 F. Supp. at 754, 755. Plaintiff retains the burden or persuasion and must prove by a preponderance of the evidence that her

5

protected activity was a significant factor in Defendant's employment action.  *Polk v. Yellow Freight System*, 876 F.2d 527, 531(6th Cir. 1989);  *Batts v. NLT Corp.*, 844 F.2d 331, 336 (6th Cir. 1988).  Plaintiff may succeed either directly by persuading the court that a retaliatory reason more likely than not was one of the reasons for discharge, *id.*, or indirectly by showing that the Defendant's proffered explanation is unworthy of credence.  *Burdine*, 450 U.S. at 256; *Batts*, 844 F.2d at 501.  Plaintiff need not prove that the discharge would not have occurred absent the protective activity.  *Polk*,  876 F.2d at 531.

      In the present case, Defendant argues that, because Plaintiff cannot rebut the non-retaliatory reason for her termination, there is no need to examine whether Plaintiff is able to establish a prima facie case of retaliation.  *See Coomer v. Bethesda Hosp. Inc.,* 370 F.3d 499, 511 (6th Cir. 2004).  Defendant has, therefore, waived argument with respect to whether Plaintiff has established a prima facie case of retaliation.  Defendant argues that Plaintiff's testimony as well as the testimony of Messrs. Crutcher and Brunswick establish that Plaintiff violated the zero tolerance of violence in the workplace directive.  Defendant contends that Messrs. Crutcher and Brunswick were repeatedly consistent in their testimony in both the arbitration and the EEO hearing.  Moreover, Plaintiff acknowledged in her deposition that these employees claimed that she threatened and insulted Mr. Brunswick.  Plaintiff argues that her deposition is the only valid evidence before this Court and that her testimony demonstrates the existence of a genuine issue of fact with respect to whether the "zero tolerance" policy violation was a pretextual reason for her termination.  Plaintiff supports this argument by citing this Court to her deposition testimony wherein she denies insulting or threatening Mr. Brunswick.  Plaintiff argues that such testimony creates a factual issue as to whether the reason for her termination, namely the "zero tolerance" policy violation, was not true.

      Initially, we must note that Plaintiff is correct in her argument with respect to the evidence before this Court.  While neither party has cited the Court to legal authority supporting their positions, it is well established that documents which are not properly authenticated are not admissible in accordance with the Federal Rules of Evidence.  Defendant refers to the sworn statements of Brunswick and Crutcher, however, the actual sworn statements have not been submitted.  Rather, Defendant submits the notes from the preliminary investigation, allegedly signed by Brunswick, Crutcher and Ms. Burton.  (Doc. 12, Exs. B, C).  There are, however, no accompanying affidavits from said individuals authenticating these documents.

Defendant further makes reference to Ms. Burton's notes of her interview with Plaintiff on September 15, 2002 and the Notice of Emergency Placement in Off-Duty Status. (Id. at Exs. D, E). Again, no affidavit attesting to the authenticity of these documents has been provided. As such, these documents constitute hearsay and are inadmissible as evidence to support a motion for summary judgment. *See United States v. Rhodes,* 788 F. Supp. 339, 342 (E.D. Mich. Apr. 3, 1992).

The exclusion of these exhibits addressed above is not fatal, however, to Defendant's motion. Contrary to Plaintiff's assertions, her testimony does not demonstrate the existence of a genuine issue of material fact with respect to whether Defendant's non-retaliatory reason is pretextual. The Sixth Circuit in *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994), created a three part test for evaluating claims of pretext. Plaintiff can demonstrate pretext by 1) proof that the given reason did not exist in fact; 2) establishing that, while the given reason is factual, it was not the true reason for the allegedly discriminatory action; or 3) that the given reason was not sufficient for the action. *Id.* Plaintiff's argument focuses on the first prong of this test. However, Plaintiff misapplies this prong in arguing that she did not, in fact, insult or threaten Brunswick as claimed by Brunswick and Crutcher. The issue is not whether the claims are, in fact, false. Rather, the issue is whether the claims were in fact made, and Defendant's action was based on said claims. *See Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir. 2001)(holding that as long as employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual merely because it was ultimately shown to be false). Plaintiff admits in her deposition that these claims were made by Brunswick and Crutcher. She further acknowledged that she would not answer Burton's questions unless they were submitted to her in writing and she could then forward the answers to Burton through her attorney. Thus, Plaintiff's testimony demonstrates that, at the time she was placed on emergency leave and discharged, Defendant had only the testimony of Brunswick and Crutcher before her with respect to Plaintiff's threats of violence. Plaintiff has offered no evidence to indicate that Defendants' actions based upon her alleged threats to Brunswick were not based upon an honest belief. Plaintiff has thus failed to demonstrate that Defendant's legitimate non-retaliatory reason for discharging her had no basis in fact. Accordingly, Plaintiff has failed to demonstrate that Defendant's reason was pretextual and Defendant is, therefore, entitled to summary judgment in his favor.

7

## IT IS THEREFORE ORDERED THAT:

1)    Defendant's Motion for Summary Judgment (Doc. 12) be
      GRANTED.

2)    This case be TERMINATED on the Court's Docket.


Date:  _1/17/2006_____          _s/Timothy S. Hogan_____
                                Timothy S. Hogan
                                United States Magistrate Judge

J:\SMITHLE\SUMJUDG\Chandler.msj.wpd